## No. 33
### FREID PAPER STOCK CO. v. WILL
No. 19456. Supreme Court

On motion to certify. Dock. Dec. 4, 1925; 3 Abs. 770.

829. NEGLIGENCE—If, in an action for personal injuries, the testimony offered by the plaintiff raises a presumption of contributory negligence and no testimony is offered to refute such a presumption, may the court direct a verdict, or must the question be submitted to the jury to determine whether such negligence was the proximate cause of the injury?

On January 25, 1924, at about 6:30 P. M. an employee of the Freid Paper Company parked its motor truck on the right side of Dixie Highway with no one in charge and without a rear light. Orrin Will, the plaintiff below was driving his automobile on the highway in the same direction the truck was headed. The night was dark, it was misty and the road was slippery. Will's car was in good condition, the brakes working and the lights lighted. It was alleged that Will could not see ahead more than 20 feet and that he was driving about 25 or 30 miles per hour and that at this rate of speed could not stop in less than a distance of 30 feet; that he did not see the truck until within 15 feet of it and was unable to avoid a collision.

This action was brought in the Butler Common Pleas to recover damages for injuries to Will's car and person on the ground of negligence of the Company.

At the conclusion of Will's evidence the Company moved the court to direct the verdict on the ground that the testimony offered by him raised a clear presumption of negligence on his part which directly contributed to his injuries, and no testimony was offered to refute that presumption. The Common Pleas sustained the motion and directed a verdict for the Company.

The Court of Appeals reversed the judgment of the theory that it was the duty of the trial court to submit the question of negligence of Will to the jury to determine whether or not his negligence was the proximate cause of his injuries.

The Paper Company contends that:

(1) "If this is the law, all negligence cases must be submitted to the jury, and the trial court would have no right to direct a verdict on the ground that the evidence offered by the plaintiff in chief raises a clear presumption of negligence on the part of the plaintiff, which directly contributed to his injuries".

(2) That the ruling of the Court of Appeals is in direct conflict with Supreme Court decisions.

(3) Will did not exercise ordinary care in driving at such a rate of speed that he was unable to stop within a distance that is within the clear range of his vision.

Attorneys—Andrews, Andrews & Rogers, W. C. Shepperd, Hamilton, and G. W. A. Wilmer, Middletown, for Paper Co.; Carroll Sprigg, Dayton, and Warren Gard, Hamilton, for Will.